OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 11, 1999

Mr. James L. Pledger
Commissioner
Texas Savings and Loan Department
2601 North Lamar, Suite 201
Austin, Texas 78705

Opinion No. JC-0045

Re: Whether the notification requirements in 12 U.S.C. § 4903(a)(3), (b) will supersede the notification requirements in Texas Insurance Code article 21.50, section 1B(a) when the federal law becomes effective in July 1999 (RQ-1185)

Dear Commissioner Pledger:

When 12 U.S.C. § 4903(a)(3), (b) becomes effective in July 1999,[1] it will require a loan servicer[2] annually to notify a mortgagor in writing of the mortgagor's right to cancel private mortgage insurance in certain circumstances and of the servicer's address and telephone number. Texas Insurance Code article 21.50, section 1B(a) similarly requires a lender annually to notify the mortgagor that the mortgagor may have the right to cancel private mortgage insurance and to provide the lender's address and telephone number as well as the Texas Department of Insurance's telephone number. TEX. INS. CODE ANN. art. 21.50, § 1B(a) (Vernon Supp. 1999). We understand you to ask whether the federal notice requirements supersede the state requirements. "Stated another way," as you suggest, "should a mortgage lender provide Texas borrowers required to purchase mortgage guaranty insurance with (1) the annual notice provisions of Section 1B of Article 21.50 of the Texas Insurance Code or (2) with the annual notification provisions provided by" federal law? Letter from Mr. James L. Pledger, Commissioner, Texas Savings & Loan Dept., to Honorable Dan Morales, Attorney General (Aug. 20, 1998) (on file with Opinion Committee). Because we do not find the state and federal notice requirements inconsistent, we conclude that the federal law does not supersede the state law. Thus, we believe a mortgage lender may satisfy federal and state notification requirements by providing the notice required by state law. Indeed, under federal law,

---

[1] Homeowners Protection Act of July 29, 1998, Pub. L. No. 105-216, 112 Stat. 902 (to be codified at 12 U.S.C. § 4903).

[2] A "servicer," for purposes of the Homeowners Protection Act of 1998, 12 U.S.C. ch. 49, is defined the same as in the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. ch. 26. *See* Homeowners Protection Act of July 29, 1998, Pub. L. No. 105-216, 112 Stat. 897 (to be codified at 12 U.S.C. § 4901(14)). Section 2605(i)(2) of the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2605 (i)(2) (1994), defines the term "servicer" as the person responsible for servicing a loan. "Servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required" under the loan. 12 U.S.C. § 2605(i)(3) (1994).

we believe a mortgage lender must comply with the state law requirements to satisfy the federal law notification requirement.

Our task is to determine whether the state law's notification requirements, found in Insurance Code article 21.50, section 1B(a), conflict with the notification requirements in federal law, 12 U.S.C. § 4903(a)(3), (b). Federal law preempts state law and renders the state law "'without effect'" if the two laws conflict. *See Hyundai Motor Co. v. Alvarado*, 974 S.W.2d 1, 4 (Tex. 1998) (quoting *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981)). State law actually conflicts with federal law when a private party cannot possibly comply with both state and federal requirements or when state law creates a barrier to accomplishing and executing Congress' objectives. *See id.* (quoting *Freightliner Corp. v. Myrick*, 514 U.S. 280, 287 (1995) (quoting, respectively, *English v. General Elec. Co.*, 496 U.S. 72, 78-79 (1990), and *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941)). We will look at each law in turn.

Article 21.50, section 1B(a) of the Insurance Code mandates that a borrower annually must be notified that he or she may have a right to cancel required private mortgage insurance and that he or she may contact the lender or the Texas Department of Insurance at specified telephone numbers for further information:

> A lender that requires a borrower to purchase mortgage guaranty insurance[3] shall provide annually to the borrower a copy of the following written notice printed in at least 10-point bold-faced type:
>
> "NOTICE OF RIGHT TO CANCEL PRIVATE MORTGAGE IN-SURANCE: If you currently pay private mortgage insurance premiums, you may have the right to cancel the insurance and cease paying premiums. This would permit you to make a lower total monthly mortgage payment and to possibly receive a refund of any unearned premiums on the policy. In most cases, you have the right to cancel private mortgage insurance if the principal balance of your loan is 80 percent or less of the current fair market appraised value of your home. If you want to learn whether you are eligible to cancel this insurance, please contact us at (address and telephone number of lender) or the Texas Department of Insurance consumer help line at (the appropriate toll-free telephone number)."

TEX. INS. CODE ANN. art. 21.50, § 1B(a) (Vernon Supp. 1999) (footnote added).

---

[3]"Mortgage guaranty insurance" and "private mortgage insurance" appear to be used synonymously in Insurance Code article 21.50. Section 1(a) of that article defines "mortgage guaranty insurance" to mean insurance against financial loss by reason of nonpayment of amounts due under a note or lease. TEX. INS. CODE ANN. art. 21.50, § 1(a) (Vernon Supp. 1999).

Federal law similarly requires that a mortgagor annually be notified in writing that he or she may have a right to cancel private mortgage insurance and that the mortgagor may contact the servicer to determine whether the mortgagor is eligible to cancel the private mortgage insurance:

> If private mortgage insurance is required in connection with a residential mortgage transaction, the servicer shall disclose to the mortgagor in each such transaction in an annual written statement–

> (A) the rights of the mortgagor under this chapter to cancellation or termination of the private mortgage insurance requirement; and

> (B) an address and telephone number that the mortgagor may use to contact the servicer to determine whether the mortgagor may cancel the private mortgage insurance.

*See* S. REP. NO. 105-129, at 6 (1997). This provision, to be codified at subsection (a)(3) of 12 U.S.C. § 4903, pertains to residential mortgages transacted after July 29, 1999. *See* Homeowners Protection Act of July 29, 1998, Pub. L. No. 105-216, 112 Stat. 902 (to be codified at 12 U.S.C. § 4903(a)(4)) (concerning applicability of § 4903(a)(3)). Subsection (b) requires that the same annual written notice be given to mortgagors who, before the federal law's effective date, entered a residential mortgage.

Your question turns upon 12 U.S.C. § 4908(a)(1), which specifies the effect the federal law has on state law generally:

> With respect to any residential mortgage or residential mortgage transaction consummated after the effective date of this chapter [July 29, 1999], *and except as provided in paragraph (2)*, the provisions of this chapter shall supersede any provisions of the law of any State relating to . . . any disclosure of information addressed by this chapter . . . .

Pub. L. No. 105-216, 112 Stat. 906 (emphasis added). Paragraph (2) states that the federal law supersedes state law relating to the disclosure of a mortgagor's right to cancel private mortgage insurance only to the extent federal and state law are inconsistent. *See id.* (to be codified at 12 U.S.C. § 4908(a)(2)(A)). However, a "protected State law" is not "inconsistent with" the federal law found in 12 U.S.C. chapter 49 if the protected state law requires disclosure of more information than the information required by the federal law. *Id.* (to be codified at 12 U.S.C. § 4908(a)(2)(B)(ii)(I)). For purposes of the federal law, a "protected State law" is a state law:

> (i) regarding any requirements relating to private mortgage insurance in connection with residential mortgage transactions;

> (ii)   *that was enacted not later than 2 years after the date*
> of the enactment of this chapter [July 29, 1998]; and
>
> (iii)  that is the law of a State that had in effect, on or
> before January 2, 1998, any State law described in clause (i).

*Id.* (to be codified at 12 U.S.C. § 4908(a)(2)(C)).  Insurance Code article 21.50, section 1B is a protected state law because (1) it establishes requirements related to private mortgage insurance for residential mortgages; (2) it was enacted May 24, 1997, and approved June 18, 1997, which is "not later than" two years after the enactment of the federal law; and (3) it became effective September 1, 1997, which is "before January 2, 1998." *See id.*

Subsection (a)(1) of 12 U.S.C. § 4908 does not create an inconsistency between the state and federal laws, but merely articulates the intent of Congress with respect to superseding state law.  In particular, subsection (a)(1) states that the federal disclosure requirements supersede any *inconsistent* state-law requirements *to the extent of the inconsistency.*  Thus, if the federal notification requirements and the state-law notification requirements are consistent, the federal law does not supersede state law.

In our view, Insurance Code article 21.50, section 1B(a) is consistent with the federal statute with respect to the content of the required annual notice and therefore is not superseded by the federal law.  Both the state and the federal law mandate that a residential mortgagor annually be notified of two things:

1.   The residential mortgagor must be notified that he or she may
     have a right to cancel his or her private mortgage insurance.

2.   The notice must list the address and telephone number of the
     servicer that the mortgagor may use to determine whether he
     or she is eligible to cancel the private mortgage insurance.

Although the state law further requires the notice to list the telephone number of the Texas Department of Insurance's consumer help line as well as the servicer's telephone number or address and requires the notice to be printed in at least ten-point type, that does not make the state law inconsistent with the federal law.  Article 21.50, section 1B of the Texas Insurance Code is a protected state law, and therefore it is not inconsistent with the federal law simply because the state law requires a servicer to disclose more information than the federal law requires.  *See id.* (to be codified at 12 U.S.C. § 4908(a)(2)(B)(ii)(I)).

You also ask whether a mortgage lender should comply with the notification requirements of the federal law or of the state law.  As noted above, state law requires the written notice to list, in addition to the items required by both state and federal law, the telephone number of the Texas Department of Insurance's consumer help line; state law also requires the notice to indicate that the mortgagor may be eligible not only to cancel private mortgage insurance but also to receive a refund

of unearned premiums on the policy. *See* TEX. INS. CODE ANN. art. 21.50, § 1B(a) (Vernon Supp. 1999). Although article 21.50, section 1B(c) *permits* a lender to satisfy the state-law notification requirements by providing the notice required by federal law, federal law "requires a lender to provide a borrower with a written notice containing substantially the same information required" by article 21.50, section 1B(a) of the Insurance Code. *See id.* § 1B(c). Accordingly, federal law recognizes a notification, made in accordance with state law, that is not inconsistent with the federal notification requirement, even if such notification includes more information than is specified by federal law. *See* Pub. L. No. 105-216, 112 Stat. 906 (to be codified at 12. U.S.C. § 4908(a)(2)(A), (B)(ii)(I)). We consequently conclude that a lender must comply with article 21.50, section 1B(a) of the Insurance Code, and, in so doing, the lender will comply with federal law notification requirements.

## S U M M A R Y

The private-mortgage-insurance notification requirements of federal law found in the Homeowners Protection Act of July 29, 1998, Pub. L. No. 105-216, 112 Stat. 902 (to be codified at 12 U.S.C. § 4903(a)(3), (b)) are consistent with those in state law found in Texas Insurance Code article 21.50, section 1B(a). A loan servicer should comply with the state requirements in Insurance Code article 21.50, section 1B(a), and in doing so, satisfies the federal requisites.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General